**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| John Agee, ) | | |
|             Plaintiff, ) | Case Number: 0:22-cv-03467-SAL | |
| vs. ) | | |
| ) | | |
| ) | **ANSWER OF DEFENDANT,** | |
| Duke Energy Carolinas, LLC, ) | **DUKE ENERGY CAROLINAS, LLC** | |
| ) | | |
|             Defendant. ) | | |
| _____ ) | | |

Defendant, Duke Energy Carolinas, LLC, ("Duke Energy"), answers the Complaint of Plaintiff, John Agee ("Plaintiff"), as follows:

**FOR A FIRST DEFENSE**

1.      In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Duke Energy is without knowledge or information sufficient to form a belief as to the allegations contained therein and, therefore, denies the same and demands strict proof thereof. Duke Energy further notes that the caption of the case names John Agee as Plaintiff, Paragraph 1 of the Complaint defines Connie Agee as Plaintiff, and the Verification attached to the Complaint is signed by John Agee and identifies John Agee as Plaintiff.

2.      Duke Energy admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Duke Energy admits so much of the allegations contained in Paragraph 3 of Plaintiff's Complaint that allege that the properties located at TMS:124-00-00-139-000 and TMS: 124-00-00-134-000 are located in Chester County, South Carolina. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are legal in nature; therefore, a response is not required. However, to the extent that such allegations may allege facts, the same are denied.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint are legal in nature; therefore, a response is not required. However, to the extent that such allegations may allege facts, the same are denied, but Duke Energy admits that jurisdiction and venue for this case are proper in the United States District Court for the District of South Carolina, Rock Hill Division, to which this case has been removed by Duke Energy.

5. Duke Energy admits so much of the allegations contained in Paragraph 5 of Plaintiff's Complaint that are consistent with the public record. Duke Energy further admits that it is constructing an electric substation on the property located at TMS:124-00-00-139-000 in Chester County, South Carolina ("Duke Energy Property"), and that the electric substation being constructed on the Duke Energy Property will be utilized to serve Duke Energy's customers in the area. Duke Energy denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint and demands strict proof thereof.

6. Duke Energy admits so much of the allegations contained in Paragraph 6 of Plaintiff's Complaint that are consistent with the public record, and that allege that the property located at TMS: 124-00-00-134-000 ("Adjacent Property") is adjacent to the Duke Energy Property. Duke Energy denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. Duke Energy admits so much of the allegations contained in Paragraph 7 of Plaintiff's Complaint that allege that Duke Energy recently began construction on the Duke Energy Property that is adjacent to the Adjacent Property. Duke Energy denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8. Duke Energy admits so much of the allegations contained in Paragraph 8 of Plaintiff's Complaint that allege that a portion of the Duke Energy Property and the Adjacent

Property are shown in the image.  Duke Energy denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, and, in particular, any allegation that is stated, or may be interpreted to be stated, in the image and markups contained therein, and demand strict proof thereof.

9.     Duke Energy admits so much of the allegations contained in Paragraph 9 of Plaintiff's Complaint that allege that Duke Energy removed certain timber that it owned from the Duke Energy Property.  Duke Energy denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10.    Duke Energy admits so much of the allegations contained in Paragraph 10 of Plaintiff's Complaint that allege that Duke Energy has graded portions of the Duke Energy Property.  Duke Energy denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof, including any allegation that Duke Energy "aggressively" graded the Duke Energy Property.

11.    In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Duke Energy is without knowledge or information sufficient to form a belief as to the allegations contained therein and, therefore, denies the same and demands strict proof thereof.

12.    Duke Energy denies the allegations contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13.    Duke Energy denies the allegations contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14.    Duke Energy denies the allegations contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Duke Energy denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Duke Energy is without knowledge or information sufficient to form a belief as to the allegations contained therein and, therefore, denies the same and demands strict proof thereof.

17. In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Duke Energy is without knowledge or information sufficient to form a belief as to the allegations contained therein and, therefore, denies the same and demands strict proof thereof.

18. In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Duke Energy is without knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's alleged fears and, therefore, denies the same and demands strict proof thereof. Duke Energy denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Duke Energy admits so much of the allegations contained in Paragraph 19 of Plaintiff's Complaint that allege that John Agee and Duke Energy have discussed Duke Energy's plans with respect to the removal of the tree line between the Duke Energy Property and the Adjacent Property. Duke Energy denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

**FOR A FIRST DEFENSE AS TO**
**PLAINTIFF'S FIRST CAUSE OF ACTION**
**(Nuisance)**

20. In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Duke Energy re-alleges the previous, relevant paragraphs of this Answer, as if reiterated verbatim herein.

21. Duke Energy denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. Duke Energy denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. Duke Energy denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. Duke Energy denies the allegations contained in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. Duke Energy denies the allegations contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26. Duke Energy denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

## FOR A FIRST DEFENSE AS TO PLAINTIFF'S SECOND CAUSE OF ACTION
**(Trespass)**

27. In response to the allegations contained in Paragraph 27 of Plaintiff's Complaint, Duke Energy re-alleges the previous, relevant paragraphs of this Answer, as if reiterated verbatim herein.

28. Duke Energy denies the allegations contained in Paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29. Duke Energy denies the allegations contained in Paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30. Duke Energy denies the allegations contained in Paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31. Duke Energy denies the allegations contained in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32. Duke Energy denies the allegations contained in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33. Duke Energy denies the allegations contained in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S THIRD CAUSE OF ACTION**
**(Temporary and Permanent Injunction)**

34. In response to the allegations contained in Paragraph 34 of Plaintiff's Complaint, Duke Energy re-alleges the previous, relevant paragraphs of this Answer, as if reiterated verbatim herein.

35. Duke Energy denies the allegations contained in Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

36. Duke Energy denies the allegations contained in Paragraph 36 of Plaintiff's Complaint and demands strict proof thereof.

37. Duke Energy denies the allegations contained in Paragraph 37 of Plaintiff's Complaint and demands strict proof thereof.

38. Duke Energy denies the allegations contained in Paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39. Duke Energy denies the allegations contained in Paragraph 39 of Plaintiff's Complaint and demands strict proof thereof.

40. Duke Energy denies the allegations contained in Paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.

41.   Duke Energy denies the allegations contained in Paragraph 41 of Plaintiff's Complaint, including subparts a. and b., and demands strict proof thereof.

42.   Duke Energy denies the relief requested in the "Wherefore" Paragraph, including subparts A. through D., of Plaintiff's Complaint, which follows Paragraph 41 of Plaintiff's Complaint.

### AS TO ALL ALLEGATIONS

43.   Any and all allegations, claims, contentions, demands, and prayers for relief contained in Plaintiff's Complaint that have not been expressly admitted, modified, or explained by Duke Energy in this Answer, are hereby expressly denied.

### FOR A SECOND DEFENSE

44.   The allegations of Plaintiff's Complaint fail to state a claim against Duke Energy upon which relief can be granted.

### FOR A THIRD DEFENSE

45.   Plaintiff's alleged damages, and the same are denied and asserted only for the purposes of this defense, are due to, and occasioned by, Plaintiff's negligent, reckless, and/or willful conduct.

### FOR A FOURTH DEFENSE

46.   Duke Energy would show that Plaintiff cannot recover herein due to the intervening and superseding negligence and/or wrongful acts of others, and as may be shown by any additional facts that may be developed during discovery.

### FOR A FIFTH DEFENSE

47.   Plaintiff's alleged damages, which are denied and mentioned only for the purposes of this defense, are barred because Plaintiff failed to take reasonable steps that would have mitigated or eliminated Plaintiff's alleged damages.

## FOR A SIXTH DEFENSE

48. The damages alleged by Plaintiff were the result of a set of circumstances that were not created by any act or omission of Duke Energy.

## FOR A SEVENTH DEFENSE

49. Duke Energy would show that Plaintiff's alleged damages were not proximately caused by any alleged act or omission of Duke Energy, as shown by any additional facts that may be developed during discovery.

## FOR AN EIGHTH DEFENSE

50. All or a portion of Plaintiff's claims and alleged damages are barred by Plaintiff's own assumption of risk.

## FOR A NINTH DEFENSE

51. Plaintiff lacks standing to assert claims against Duke Energy concerning the Adjacent Property. Assuming that John Agee is the intended Plaintiff in this case, Plaintiff has failed to name or join an indispensable party to the present action—Connie O. Agee—who has an ownership interest in the Adjacent Property.

## FOR A TENTH DEFENSE

52. Plaintiff's claims are barred in whole or in part by all equitable doctrines available to Duke Energy, including but not limited to, waiver, consent, estoppel, unjust enrichment, and unclean hands.

**FOR AN ELEVENTH DEFENSE**

53.     Duke Energy would show that an award of punitive damages violates the First, Sixth and Fourteenth Amendments of the United States Constitution and Article I of the South Carolina Constitution.

**FOR A TWELFTH DEFENSE**

54.     While adamantly denying any liability in this case, Duke Energy pleads and incorporates by reference the punitive damages cap codified at S.C. Code Ann. § 15-32-530, as well as all other protections of the non-economic damages statute codified at S.C. Code Ann. § 15-32-200, *et. seq.*, and has not waived, but specifically reserves, any rights with regard thereto.

**FOR A THIRTEENTH DEFENSE**

55.     Any discharge of water from the Duke Energy Property onto the Adjacent Property is consistent with and allowed by relevant South Carolina law governing surface water discharge, including the common enemy rule.

**FOR A FOURTEENTH DEFENSE**

56.     Duke Energy alleges that any improvements made and any artificial drainage structures constructed, or that will be constructed, on the Duke Energy Property are required by, and will be built in accordance with, the South Carolina Stormwater Management and Sediment Reduction Act (S.C. Code Ann. §48-14-10 et seq. (1993)) and the South Carolina Department of Health and Environmental Control ("DHEC") Standards for Stormwater Management and Sediment Reduction (R. 72-301) promulgated under that Act.

**FOR A FIFTEENTH DEFENSE**

57.     Duke Energy alleges that any artificial drainage structures that will be built on its property will not increase the surface water drainage off the Duke Energy property beyond what

will occur with the reasonable development of the land for an electric substation and related infrastructure.

## FOR A SIXTEENTH DEFENSE

58. Without waiving any other claims and defenses upon which it continues to rely, in the alternative, Duke Energy gives notice that it intends to rely upon any other defenses that may become available or apparent during its investigation of Plaintiff's claims and/or the discovery proceedings in this matter and hereby reserves its rights to amend its Answer, including at trial, in order to assert any such defense.

Respectfully submitted,

/s/ Joshua D. Spencer
H. Sam Mabry, III, Fed. I.D. No. 3252
smabry@hsblawfirm.com
Joshua D. Spencer, Fed. I.D. No. 9845
jspencer@hsblawfirm.com
Bonnie A. Lynch, Fed I.D. No. 10402
blynch@hsblawfirm.com

**HAYNSWORTH SINKLER BOYD, P.A.**
Post Office Box 2048 (29602)
One North Main Street, Second Floor
Greenville, South Carolina 29601
Telephone:    (864) 240-3200
Facsimile:    (864) 240-3300

*Attorneys for Defendant,*
*Duke Energy Carolinas, LLC*

October 14, 2022
Greenville, South Carolina